UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>MOHAMMED OMAR TAQUIDDIN,<br>Individually and as<br>Administrator of the ESTATES OF<br>MOHAMMED and HUSSAINA TAQUIDDIN,<br>WACHOVIA MORTGAGE FSB, and<br>WORLD SAVINGS BANK FSB.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF, AMICA MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

### PRELIMINARY STATEMENT

1. This is an action for declaratory relief for the purpose of determining the parties' respective rights and obligations under a homeowners' insurance policy issued by AMICA Mutual Insurance Company ("AMICA") to Mohammed Taquiddin and Hussaina D. Taquiddin in connection with a property located at 120 Massachusetts Avenue, Lexington, MA, 02420. AMICA seeks a declaration that: (1) there is no coverage under the insurance policy for claims arising out of a "freeze-up" water loss that was discovered at the property on or about December 27, 2009 because the defendants, their agents and/or servants, failed to use reasonable care to maintain heat in the premises; and (2) the defendants, Wachovia Mortgage FSB and World Savings Bank FSB, are not entitled to payment under the policy's mortgage clause because they failed to notify AMICA of a change in ownership, occupancy, or substantial change in risk.

### PARTIES

2. Plaintiff, AMICA Mutual Insurance Company, is a company organized and existing under the laws of Rhode Island with a principal place of business in Lincoln, Rhode Island, and a branch office located at 596 Paramount Drive, Raynham, Massachusetts, 02767.

3. Defendant, Mohammed Omar Taquiddin, is an individual domiciled within the Commonwealth of Massachusetts, residing at 120 Massachusetts Avenue, Lexington, Massachusetts 02420. He is the Administrator of the Estates of his parents, Mohammed and Hussiana Taquiddin.

4.  Defendant, Wachovia Mortgage FSB, is a company organized and existing under the laws of the state of North Carolina, with a principal place of business at 301 S. College St., Charlotte, NC 28202, and is licensed to transact business within the Commonwealth of Massachusetts.

5.  Defendant, World Savings Bank FSB, is a company organized and existing under the laws of the state of California, with a principal place of business at 1901 Harrison Street, Oakland, CA, 94612, and is licensed to transact business within the Commonwealth of Massachusetts.

## JURISDICTION

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) (Supp. 1998) and 28 U.S.C. §2201(a).

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

8.  On or about June 14, 2007, AMICA issued a Massachusetts homeowner's insurance policy (HO 3 policy) (Policy No. 601020-23HC) (the "Policy") to Mr. Mohammed Taquiddin and Mrs. Hussaina S. Taquiddin for a residential home located at 120 Massachusetts Avenue, Lexington, Massachusetts (hereinafter the "property"). The effective dates of the policy were October 26, 2009 to October 26, 2010.

9.  The Policy contained the following provisions:

    **DEFINITIONS**

    **A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

    **SECTION I – PROPERTY COVERAGES**

    **A. Coverage A – Dwelling**
    **1.** We Cover:

    a. The dwelling on the residence premises shown in the Declarations, including structures attached to the dwelling; and

    b. Materials and supplies located on or next to the residence premises used to construct, alter or repair the dwelling or other structures on the residence premises.

**SECTION I – PERILS INSURED AGAINST**

A. **Coverage A – Dwelling And Coverage B – Other Structures**

    1. We insure against risks of direct physical loss to property described in Coverages A and B.

    2. We do not insure, however, for loss:

        . . .

        c. Caused by:

            (1) Freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This provision does not apply if you have used reasonable care to:

                (a) Maintain heat in the building; or
                (b) Shut off the water supply and drain all systems and appliances of water.

**SECTION I – CONDITIONS**

. . .

**K. Mortgage Clause**

1. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

    a. Notifies use of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware . . .

. . .

3

**SECTIONS I AND II – CONDITIONS**

. . .

**G. Death**

If any person named in the Declarations or the spouse, if a resident of the same household, dies, the following apply:

1. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death; and

2. "Insured" includes:

    a. An insured who is a member of your household at the time of your death, but only while a resident of the residence premises; and

    b. With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

3. Upon information and belief, at all relevant times, the Defendants, Wachovia Mortgage FSB and/or World Savings Bank FSB, held a mortgage or security interest(s) on the property. On and after March 26, 2003, the Defendant, World Savings Bank FSB, held a mortgage interest in the amount of $500,000.

4. Upon information and belief, the Defendant, Wachovia Mortgage FSB, was listed as a Mortgagee under the Policy.

5. In or about August, 2009, Mohammed and Hussaina Taquiddin were involved in a fatal car accident.

6. Following the car accident and at all relevant times, the Defendant, Mohammed Omar Taquiddin, was a resident of the property.

7. Mohammed Omar Taquiddin assumed care, custody, and control of the property. He was solely responsible for payment of bills and expenses as well as maintenance and upkeep.

8. At all relevant times, Mohammed Omar Taquiddin was obligated to maintain heat in the property.

9. From August through December 2009, Mohammed Omar Taquiddin failed to maintain heat in the premises.

10. From August, 2009 through December, 2009, Mohammed Omar Taquiddin knew that the internal home heating system in the property was inactive and not functioning properly. At no time, did the Defendant take any steps to repair or maintain the home heating system in the property.

11. From August, 2009 through December, 2009, Mohammed Omar Taquiddin knew that he could not reasonably maintain heat within the multi-storied property through the use of electric space heaters. Yet, from August 2009 through December 2009, the only heating devices in the property were several electric space heaters.

12. From December 22, 2009 to December 27, 2009, Mohammed Omar Taquiddin left the Commonwealth of Massachusetts and traveled out of state. At that time, he left the property unattended and unheated. The space heaters in the property were unplugged and not in use. The Defendant failed to make arrangements to have anybody check on the home in his absence.

13. In December 2009, Mohammed Omar Taquiddin knew or should have reasonably known that freezing conditions existed at the property.

14. In or about late December 2009, water pipes in the property froze and later burst because Mohammed Omar Taquiddin failed to use reasonable care to maintain heat in the building.

15. Upon information and belief, the Defendants, World Savings Bank FSB and/or Wachovia Mortgage FSB, received notice of the fatal car accident involving Mohammed and Hussaina Taquiddin in or about August 2009, and knew of a change in ownership, occupancy, or substantial change in risk with respect to the property.

16. World Savings Bank FSB and/or Wachovia Mortgage FSB failed to notify AMICA of a change in ownership, occupancy, or substantial change in risk at any time.

17. AMICA is entitled to deny coverage for all the claims arising out of the freeze-up water loss because Defendant, Mohammed Omar Taquiddin, failed to use reasonable care to maintain heat in the building located at 120 Massachusetts Avenue, Lexington, Massachusetts.

18. AMICA is also entitled to deny coverage to Wachovia Mortgage FSB and/or World Savings Bank FSB because they failed to notify AMICA of the change in ownership, occupancy, or substantial change in risk.

## COUNT I
## DECLARATORY JUDGMENT – FAILURE TO MAINTAIN HEAT

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above, as if expressly re-written and set forth herein.

20. Defendant, Mohammed Omar Taquiddin, individually and/or as representative or Administrator of the Estates of Mohammed Taquiddin and Hussaina Taquiddin, failed to use reasonable care to maintain heat in the building at 120 Massachusetts Avenue, Lexington, MA.

21. There is no coverage under the Policy for any claims arising out of the freeze-up/water loss that occurred at 120 Massachusetts Avenue, Lexington, MA.

22. AMICA is entitled to deny coverage for any and all claims submitted by or on behalf of Mohammed Taquiddin, Hussaina Taquiddin, and/or Mohammed Omar Taquiddin in connection with the freeze-up/water loss that occurred at 120 Massachusetts Avenue, Lexington, MA.

23. Based upon the foregoing, AMICA states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policy issued by AMICA, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

24. AMICA is entitled to a declaration that there is no coverage under any insurance policy issued by AMICA for any claims arising out of the freeze-up/water loss at 120 Massachusetts Avenue, Lexington, MA, including, real and personal property damage claims submitted by, or on behalf of Mohammed Taquiddin, Hussaina Taquiddin, and/or Mohammed Omar Taquiddin.

WHEREFORE, plaintiff, AMICA, demands that this Court enter an order in its favor against the defendants:

a. declaring that:

1. There is no coverage under any insurance policy issued by AMICA, for any claims arising out of the freeze-up/water loss that was discovered on or about December 27, 2009 at 120 Massachusetts Avenue, Lexington, MA, including, real and personal property damage claims submitted by or on behalf of Mohammed Taquiddin, Hussaina Taquiddin, and/or Mohammed Omar Taquiddin;

2. AMICA is entitled to deny any and all claims submitted by or on behalf of Mohammed Omar Taquiddin. Mohammed Taquiddin, and Hussaina Taquiddin, on account of the freeze-up/water loss at 120 Massachusetts Avenue, Lexington, MA.

b. awarding plaintiff the costs herein expended and such other and further relief that this Court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT – FAILURE TO NOTIFY AMICA OF CHANGE IN OWNERSHIP, OCCUPANCY, AND/OR RISK

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as if expressly re-written and set forth herein.

26. At all relevant times, Defendants, World Savings Bank FSB and Wachovia Mortgage FSB, knew of a change in ownership, occupancy, or substantial change in risk with respect to the property.

27. AMICA is entitled to deny any payments to the Defendants, World Savings Bank FSB and/or Wachovia Mortgage FSB, because they failed to notify AMICA of a change in ownership, occupancy, and/or substantial risk.

28. Based upon the foregoing, AMICA states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policy issued by AMICA, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

29. AMICA is entitled to a declaration that the defendants Wachovia Mortgage FSB and World Savings Bank FSB, are not entitled to payment under the Policy's mortgage clause, as they failed to notify AMICA of a change in ownership, occupancy, and/or substantial risk.

WHEREFORE, plaintiff, AMICA, demands that this Court enter an order in its favor against the defendant:

   a. declaring that:

      1. AMICA is entitled to a declaration that the Defendants, Wachovia Mortgage FSB and World Savings Bank FSB, are not entitled to payment under the Policy;

      2. AMICA has no obligation to make any payment to the Defendants on account of this loss;

   a. awarding plaintiff the costs herein expended and such other and further relief that this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues as appropriate or necessary.

Respectfully submitted,
AMICA Mutual Insurance Company
By its attorneys,

John A. Donovan, III, BBO# 631110
Tyson C. Roy, BBO# 672589
SLOANE AND WALSH, LLP.
Three Center Plaza, 8th Floor
Boston, MA 02108
617-523-6010

Dated: 2/17/10

S:\AMICA v. TAQUIDDAN\DJ Complaint 2.11.10.DOC